{¶ 33} I concur with the majority opinion except for its discussion of State v. Comer, ante, and the standard under which we review consecutive sentences. Specifically, I disagree with the majority's interpretation of the statement from Comer
that a trial court "must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." At the onset, I must observe that the majority opinion ignores the very emphatic nature of the words "clearly align." Nor does the majority appear to appreciate the precision of the language that follows: "each rationale with the specific finding." By employing the singular form of "rationale" and "finding" and by further emphasizing the singular with the addition of the word "each," there can be no doubt the Comer
opinion intended that the trial court "directly correlate each finding to each reason."[1] Indeed, I cannot think of a better restatement of Comer.
 {¶ 34} Ignoring the emphatic and clear language of theComer directive, the majority here focus, instead, on the statutory language to conclude that it is sufficient that "reasons supporting the imposition of consecutive sentences be provided." While the majority acknowledges a distinction between findings and reasons, apparently it would not require even a cursory analysis of the relationship between facts and a finding. The Eleventh District has suggested: "a finding * * * implies a factual finding which would encompass the operative facts upon which that finding is based." State v. Edmonson (1998), Portage App. No. 97-P-0067, Ohio App. Lexis 4541 at *8, emphasis added. It is unclear how a reviewing court can determine whether the operative facts support a finding if those facts are not even encompassed within the immediate context of the related finding, much less analyzed under the finding.
 {¶ 35} The majority here predicts that requiring a reason to be aligned with its related finding would turn the trial court into an episode of The Twilight Zone. On the contrary, to require anything less turns the appellate court into a Kafkaesque episode in which the burden falls on appellate judges to divine the nexus between a finding and all the facts in a record. In other words, if the trial court is not required to provide the nexus, this burden would fall on the reviewing court. The reviewing court, therefore, would not be reviewing a specific reasoning process; it would be walking around with a divining rod.
 {¶ 36} As I previously said in my dissent in Cottrell,
ante, ¶ 99: "This analytic process [intended by the statutory language] is a reasoning process that moves from operative facts to the various criteria justifying a sentence. It is not enough to recite facts and criteria. What is essential is the reasoning process that connects the two. This process requires a positive explanation of the criteria the court used. The current sentencing statutes place this burden — and I appreciate it is a significant one — on the sentencing judge. In order for the appellate court to do its job in reviewing a sentence, the trial court must provide that nexus between the operative facts and the criteria selected to determine a consecutive sentence. The new statutory scheme for sentencing has made it quite clear that imposing consecutive sentences is an extraordinary punishment. The analytical procedure for explaining such an extraordinary sentence, therefore, should be carefully observed."
 {¶ 37} The majority here further observes that the Comer
statement is not the basis for the Supreme Court's decision. Although the disputed statement from Comer may function only as dicta, nevertheless, the statement has all the force of logic behind it. A court's failure to clearly align facts and criterion may not operate to automatically invalidate a sentence; however, a trial court should understand that it proceeds at risk if it does not provide that intellectual analysis. Perhaps, Comer may be setting forth an ideal procedure. The majority fails to acknowledge even that, however.
This cause is affirmed in part, vacated in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] This is what the majority in State v. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806, fn. 30, said the Comer
statement did not mean.